JOSEPH M. POTTGIESER and Others v. DISTRICT COURT OF RAMSEY COUNTY and Others.[1]

November 26, 1900.

Nos. 12,224—(268).[2]

Application to the supreme court for a writ of prohibition. An order was issued directing the district court of Ramsey county to show cause why a writ should not issue as prayed.

*F. G. R. Woodruff,* for petitioners.

[1] Reported in 84 N. W. 1115.     [2] April, 1900, term.

The following order was entered April 25, 1900, in the case on the minutes:

"It is ordered: The majority of the court concurring, that said application for a writ of prohibition be, and the same is hereby, denied, and the order to show cause why such writ should not issue is hereby discharged; it being the opinion of a majority of the members of the court that the section of the statutes upon which said application is based is constitutional."

PER CURIAM.

This matter came before the court on April 25, 1900, upon the application of the relators, who claimed to be the regular Democratic nominees for municipal offices of the city of St. Paul, for a writ of prohibition, restraining the district court of Ramsey county from proceeding with an application made by certain persons, who also claimed to be the regular Democratic nominees for such offices, under G. S. 1894, § 48, to correct the official ballot to be used at the election to be held in said city of St. Paul on May 1, 1900, by striking the names of relators therefrom. The question presented by the application involved solely the constitutionality of said section of the statute (section 48, supra), under which the court below was proceeding. It was contended by relators that the statute was unconstitutional, because it fails to provide for notice to the interested parties. The matter came on and was heard and determined in a summary manner, a speedy decision being necessary, and no sufficient opportunity or time was had for a full consideration of the important question involved.

A majority of the court were of the opinion that the statute was not open to the objection made against it,—at least, that it was not unconstitutional,—and the application of relators was denied, by an order orally entered at the time; the court stating that a written opinion would be filed later. Since the hearing and decision ample time has permitted further examination into the matter, and some members of the court do not feel confident as to the correctness of the conclusion reached, and prefer that the question be left open for future consideration. In view of these facts, we deem it proper to say that there may be no misunderstanding, that, while adhering

to the decision reached in this particular case, we shall feel free to depart from it if, in some future case, further argument and reflection shall lead us to a result contrary thereto.