# IN THE MATTER OF THE APPEAL AND CONTEST OF THE ELECTION OF CHRIST JOHNSON AS COUNTY COMMISSIONER, JACKSON COUNTY v. ADAM BAUCHLE.[1]

### May 20, 1921.

### No. 22,300.

**Election — name on official ballot — estoppel.**
　When a candidate or an elector neglects to take steps, under section 398, G. S. 1913, to have the name of a person not entitled to appear on the official ballot stricken therefrom, he cannot after the election is held raise a valid objection to counting the votes properly marked for such person, there being no claim that the latter had violated any provision of the election laws.

Adam Bauchle and others gave notice of appeal and contest against Christ Johnson from the canvass of votes at the election for county commissioner in the Fourth commissioner district of Jackson county in November, 1920. by which Christ Johnson was declared duly elected commissioner. The matter was heard before Dean, J., who made findings and ordered judgment in favor of Adam Bauchle. From the judgment entered pursuant to the order for judgment, Christ Johnson, contestee, appealed. Reversed.

*Wilson Borst* and *F. B. Kalash,* for appellant.
*Haycraft & McCune,* for respondent.

1Reported in 182 N. W. 987.

Holt, J.

No one filed as a candidate at the primary election for the office of county commissioner in the Fourth district of Jackson county except Adam Bauchle. Hence he was the sole nominee for that office at the general November, 1920, election, and the name of no other candidate could lawfully be placed upon the official ballot by petition, for the office is nonpartisan, and there was no vacancy to fill. Nevertheless, on September 9, 1920, a petition for the nomination of Christ Johnson was filed with the auditor, who printed the names of both Bauchle and Johnson on the official ballots furnished the voters at the election precincts of the district. On these ballots Adam Bauchle's name was followed by the words: "Nominated without party designation;" and Christ Johnson's by the words: "Nominated by petition." The canvass showed that 249 votes were cast for Bauchle and 693 votes for Johnson. The certificate of election was issued to the latter. Bauchle and two voters in the district instituted a contest. The court held that, since Johnson's name was not entitled to be printed upon the official ballots, the votes cast for him were void and could not be canvassed. The correctness of this conclusion is the only proposition in the appeal.

The printing of Johnson's name on the official ballots was prohibited. G. S. 1913, §§ 333, 371. But it does not necessarily follow that the votes cast for him should be rejected. Had those who marked a cross after his name on the ballot, written his name in the blank space provided for the purpose of permitting a voter to select his own candidate, if not satisfied with any one of those printed on the ballot, no question could have been raised as to his election. The only basis for the contest was that Johnson's name was unlawfully upon the official ballots. No claim was made that he had filed the petition, or that his name came upon the official ballot by his procurement, misconduct or fraud. The court below in his memorandum states: "There is no question raised but what the county auditor acted in good faith, thinking that he had a right to place the name of the contestee on the ballot when a petition was presented for that purpose." The most that can be said is that the official charged with the duty of printing and distributing the ballots innocently misconstrued the law. The law recognizing that officials may err or make mistakes has provided safeguards and means to correct

149 M.—10.

such errors or mistakes before the ballots are given to the voters. Sample ballots must be published, and errors may be rectified summarily by the courts. Sections 316, 398. It is true that the sample ballots should be published at least two weeks before the election, and in this case the publication in the official newspaper of the county was not made until October 21, and in another newspaper on the twenty-eighth of October, but there was ample time after the first publication for a correction.

This court has already indicated, what seems to be the rule elsewhere, that whether or not a person is to appear on the official ballot as a candidate for election, should be settled before the ballot is handed to the voter at the poll, for even if the name of a candidate has been printed without right, or unlawfully, upon the official ballots, still, when such ballots have been distributed to the voters and voted, the votes cast for such candidate must be counted for him, unless there is some express provision of the statute forbidding. In Johnson v. Dosland, 103 Minn. 147, 114 N. W. 465, it was said: "Contests for nomination as party candidates for public office must be settled before the general election, and, when not, those whose names go upon the official ballots as the regular nominees are entitled to all benefits therefrom, whether they, perchance, could have been in contest proceedings ousted of the right or not."

The voters are not bound at their peril to ascertain who filed properly for nomination at the primary, or who were successful there, or if, since then, a vacancy occurred which could be filled by a nomination by petition in the case of a nonpartisan office. It is more reasonable to say that, when at the polls the voter is handed an official ballot, he may rightfully assume that the name of every candidate for office appearing thereon is lawfully there, and that those charged with the duty of furnishing a proper ballot have not subjected themselves to the severe penalty which the law imposes for a violation of that duty.

As said in Blackmere v. Hildreth, 181 Mass. 29, 63 N. E. 14: "Under our system of elections the voter receives at the polls from the election officers an official ballot, of which he does not know and is not expected to know anything except what appears upon its face; and as a rule it is impossible, as in this case, by an inspection of the ballot to ascertain whether or not there has been an irregularity in the preparation

of it. He takes this ballot, sees upon it the names of the candidates, and, having expressed thereon in due form his choice, deposits it in the ballot box." The court held the vote should be counted though cast for one who was not lawfully entitled to be on the ballot, citing with approval from People v. Wood, 138 N. Y. 142, 42 N. E. 536, where Chief Justice Andrews, in a decision of the same tenor, says:

"The effort in this proceeding is to disfranchise innocent voters because of a latent defect in the official ballot furnished by the state, not discernable on inspection, which ballot they were compelled to use, the defect consisting in the unauthorized insertion therein by a public official, charged with the duty of making up and printing the ballots, of names of candidates in a party column not duly nominated by such party. The intention of the voters who used this party column to express their choice is clear and admits of no doubt. Each one received his ballot from the inspectors, marked it with the cross under the party name and emblem and returned it to the inspectors, by whom it was deposited in the box and subsequently counted. We can conceive of no principle which permits the disfranchisement of innocent voters for the mistake or even the wilful misconduct of election officers in performing the duty cast upon them. The object of election is to ascertain the popular will, and not to thwart it. The object of election laws is to secure the rights of duly qualified electors, and not to defeat them. Statutory regulations are enacted to secure freedom of choice and to prevent fraud, and not by technical obstructions to make the right of voting insecure and difficult."

To the same effect are: Baker v. Scott, 4 Idaho, 596; State v. Bernholtz, 106 Iowa, 157; Peabody v. Burch, 75 Kan. 543; State v. Farnsham, 19 Mont. 273; Bragdon v. Navarre, 102 Mich. 259; Miller v. Pennoyer, 23 Ore. 364; State v. Bunnell, 131 Wis. 198. Our statute provides: "All ballots shall be counted for the persons for whom they were intended, so far as such intent can be clearly ascertained from the ballots themselves, and, in determining such intent, the following rules shall be observed." Nine rules are given, none of which excluded the counting of the 693 votes given for Johnson. Rule 9 reads: "All ballots marked as hereinbefore provided shall be counted for the candidates or measures therein shown to be voted for."

Respondent Bauchle relies on the case of King v. McMahan, 179 Ky. 536, 200 S. W. 956, which holds that, when the name of a candidate is on the ballot without authority, his votes cannot be counted. We think the contrary view, supported by the authorities hereinbefore cited, should obtain.

The judgment is reversed.