■ In the Matter of WILLIAM H. VAN VLECK, INC., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— This proceeding pursuant to article 78 of the CPLR to annul and set aside the State Liquor Authority's approval, on October 6, 1966, of an application for a retail liquor store license for premises 121 Montague Street, Brooklyn, New York, was on December 23, 1968 dismissed by this court, as moot, but on November 26, 1969 the Court of Appeals reversed that dismissal and remitted the case to this court for a determination on the merits (*Matter of William H. Van Vleck, Inc.* v. *State Liq. Auth.*, 31 A D 2d 655, revd. 25 N Y 2d 659). Determination confirmed and proceeding dismissed on the merits, without costs. The mere fact that petitioner's package liquor store, the one nearest to the applicants' proposed premises, was about 80 feet across the street does not mandate annulment of the license. In our opinion, the record before the Authority shows a rational basis for its conclusion that public convenience and advantage would be served by the issuance of the license (*Matter of Sinacore* v. *New York State Liq. Auth.*, 21 N Y 2d 379; *Matter of Narenkivicius* v. *New York State Liq. Auth.*, 23 N Y 2d 908; *Matter of Hub Wine & Liq. Co.* v. *State Liq. Auth.*, 16 N Y 2d 112; *Matter of Zimet* v. *New York State Liq. Auth.*, 27 A D 2d 558). Rabin, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ PAUL LICHTMAN, Respondent, v. BOARD OF ELECTIONS, NASSAU COUNTY, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR in the nature of mandamus to compel (1) the Board of Elections of the County of Nassau to furnish a certificate of election to petitioner certifying him as the regularly elected Committeeman of the Democratic Party, 16th Election District, 11th Assembly District, Town of Hempstead, and (2) the Nassau County Democratic Committee to designate him as such regularly elected Committeeman, said Board of Elections and said Democratic Committee appeal from a judgment of the Supreme Court, Nassau County, entered August 28, 1969, which granted the application. Judgment affirmed, without costs. In our opinion the challenge to petitioner's enrollment subsequent to his election and nomination on Primary Day was untimely (*Matter of Reich* v. *Bosco*, 21 Misc 2d 973, 977, affd. 9 A D 2d 919; *Matter of Buechel* v. *Bosco*, 9 A D 2d 916). Beldock, P. J., Christ, Rabin, Hopkins and Brennan, JJ., concur.