*64
 
 Jasen, J.
 

 On this appeal we are asked to decide whether the Board of Elections has the power, after an election, to pass on the qualifications of candidates for public office.
 

 The Nassau County Board of Elections refused to issue petitioner a certificate of election as Democratic Committeeman in the 16th Election District, 11th Assembly District, although he had received sufficient votes for election. The board ruled that petitioner was not a registered Democrat, as required by law (Election Law, § 12, subd. 1), and that although he had registered as a Democrat prior to the nomination and election, the registration would not take effect until after the results of the general election were certified. (Election Law, §§ 186, 369, subd. 3.)
 

 Special Term granted petitioner’s application to compel the Board of Elections to issue him a certificate of election and to have the Democratic Party designate him as a County Committeeman. The Appellate Division affirmed, solely on the ground that “ the challenge to petitioner’s enrollment subsequent to his election and nomination on Primary Day was untimely
 
 (Matter of Reich
 
 v.
 
 Bosco,
 
 21 Misc 2d 973, 977, affd. 9 A D 2d 919;
 
 Matter of Buechel
 
 v.
 
 Bosco,
 
 9 A D 2d 916).” (33 AD 2d 1049.)
 

 On March 26, 1969, petitioner, a duly appointed and acting Democratic Committeeman, changed his enrollment from “ blank ” to Democrat. Subsequently, he filed designating petitions seeking the position of Democratic Committeeman in the primary election held on June 17, 1969. No objections were filed prior to the election with respect to his qualifications to seek this office. Following the election, the board refused to certify the petitioner for the reasons stated heretofore.
 

 There appears to be little doubt that the petitioner was not properly qualified to seek the office of Democratic Committeeman at the time of the primary, and that the board had the power to
 
 *65
 
 disqualify him as a candidate, provided it did so prior to the election.
 

 In
 
 Matter of Freilich
 
 v.
 
 Christenfeld
 
 (25 N Y 2d 799), the petitioner had changed her enrollment from blank to Democrat just prior to the primary. In affirming the Appellate Division, we upheld the Election Board’s action in invalidating her petitions on the ground that she was not a properly registered Democrat at the time the designating petitions were filed. The only distinction between
 
 Freilich
 
 and the present case is that in
 
 Freilich
 
 the challenge was made
 
 prior
 
 to the election.
 
 Freilich
 
 cited as authority
 
 Matter of Schwimmer
 
 v.
 
 Power
 
 (21 A D 2d 835), which held that a change in enrollment does not become effective until the Tuesday following the general election.
 

 Applying this interpretation of the pertinent statutory provisions (Election Law, §§ 173, 186, 369, 385) to the record before us, it is clear that petitioner’s change in enrollment did not become effective until November of 1969—five months after the primary election. Thus, at the time of the election, he was not qualified for the office he sought, since he was not a registered Democrat, as required by law.
 

 The crucial question, then, is whether the board, after the election, may decline to certify a successful candidate, on a ground which admittedly would justify the board’s invalidation of his nominating petition prior to the election.
 

 We conclude that the Board of Elections does not have the authority, after the election, to withhold certification of a duly elected candidate.
 

 In
 
 Matter of Buechel
 
 v.
 
 Bosco
 
 (9 A D 2d 916), a candidate who was nominated on both the Democratic and Liberal lines was found to have an invalid Liberal nomination. A post-election challenge to the votes received on the Liberal line was dismissed as untimely. The court stressed the need for finality in elections and reasoned that a contrary ruling would result in the disenfranchisement of innocent voters.
 
 [1]
 

 Other cases have similarly refused to uphold electoral challenges made subsequent to the actual election. In
 
 People ex rel. Hirsh
 
 v.
 
 Wood
 
 (148 N. Y. 142), a County Clerk inserted names of candidates for State offices in the column of a local party that
 
 *66
 
 had not nominated, these candidates. This court refused to strike the votes cast for these candidates who were improperly upon the ballot. Likewise, in
 
 Matter of Fazio
 
 v.
 
 Meisser
 
 (209 N. Y. S. 2d 17, affd. 11 A D 2d 1029), the court declined to consider claims of forgery and fraud in the nominating petitions when these claims were raised after the primary.
 

 This court, in
 
 Bramley
 
 v.
 
 Miller
 
 (270 N. Y. 307), stressing the public policy of finality in elections, said: ‘ ‘ The result of a vote taken on election day is not rendered void because of the irregularity of a nominating convention or nominating petitions. Whatever objection there may be to the questions to be submitted or to the nominations as made must be raised and disposed of before election day. The result of the election is final and wipes out all these prior irregularities, if there be any.” (270 N. Y., at p. 313.)
 
 [2]
 

 Although the cited cases may be distinguishable factually from the case before us, as well as being different in'that they mainly refer to election to public office' in a general election, rather than a party position in a primary election, we believe that the rationale in those cases is also applicable to the situation before us.
 

 In both general and primary elections, voters must be reassured that their votes will not be wasted by a later disqualification of the candidate for whom they voted. Moreover, there are, both, available procedures and the time to make such challenges, prior to the primary. Consequently, the availability of such challenges should be limited to the period before the election. This is not to say, however, that other proceedings, such as in the nature of
 
 quo warranto,
 
 may not be instituted to determine title to office where the alleged infirmity is more fundamental than the defect' here present.
 

 There is no merit to appellants ’ argument that the validation of petitioner’s election would create a precedent for the surreptitious take-over of a political party by members of a different party. Such fears, in our opinion, are unwarranted, partic
 
 *67
 
 ularly if a party is diligently protecting its own interests. This merely places a burden upon a party to police its own primary by ascertaining, before the election, the qualifications of all the candidates seeking party office. Such an investigation is frequently conducted, as a practical matter, by both the party and the opposition candidates. The fact that it is possible to make successful challenges on the precise ground here raised is graphically illustrated by the
 
 Freilich
 
 case. The need for finality in the electoral process demands that we place such a burden on the party organization and opposing candidates.
 

 Accordingly, the order below should be affirmed.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
 

 Order affirmed, without costs.
 

 [1]
 

 . See, also,
 
 Matter of Reich
 
 v.
 
 Bosco
 
 (21 Misc 2d 973, affd. 9 A D 2d 919), which is factually similar to
 
 Buechel
 
 and reaches the same result.
 

 [2]
 

 . It is generally held elsewhere that it is too late to make objections after a candidate is elected to office. (See
 
 Cave
 
 v.
 
 Conrad,
 
 216 Ind. 304;
 
 State ex rel. Smith
 
 v.
 
 Penner,
 
 124 Kan. 285;
 
 Matter of Johnson
 
 v.
 
 Bauchle,
 
 149 Minn. 144;
 
 State ex rel. Whetsel
 
 v.
 
 Murphy,
 
 122 Ohio St. 620; see, also, 29 C. J. S., Elections, § 141, p. 408.)