Joseph J. Sedita, J.
Plaintiffs seek a permanent injunction restraining the defendant board of elections from certifying the results of the election of members to the Buffalo Board of Education conducted November 2, 1976 and declaring David Kelly and Dennis Bulera as winners and duly elected members of the Buffalo Board of Education. They also seek a declaratory judgment as to the provisions of section 2553 of the Education Law which relate to the Buffalo Board of Education.
The facts indicate that Rosemary Santillo was elected as an at-large member of the Buffalo Board of Education for the term of five years which was to expire on June 30, 1979. She submitted her resignation in December, 1975 and Samuel Sacco was appointed on January 26, 1976 as the successor pursuant to section 2553 (subd 10, par n) of the Education Law. Shirley Stolarski, the elected representative from the East District resigned on December 31, 1975. Dr. Matthew Gajewski was duly appointed to fill the position but he did not seek re-election. The unverified results seem to indicate that David Kelly was the apparent successful candidate for the at-large office held by Samuel A. Sacco. Dennis Bulera who ran unopposed was the apparent elected member from the East District to the Buffalo Board of Education.
The questions that must be resolved are:
(1) What was the term of office of Samuel A. Sacco for when he was appointed as an at-large member of the Buffalo Board of Education?
(2) What was the term of office of Dr. Matthew Gajewski when he was appointed as the member of the East District to the Buffalo Board of Education?
(3) When was the election to be held in order to legally elect *1028 an at-large representative and an East District representative to the Buffalo Board of Education?
(4) Are plaintiffs barred by loches or estoppel?
Section 2553 (subd 10, par n) of the Education Law which was amended in 1974 provides that "Whenever a vacancy shall occur * * * such vacancy shall be filled by a majority vote of the remaining members of the board of education within thirty days of the date when such vacancy shall have occurred.” The amended statute fails to indicate whether or not the appointment thereto is for the unexpired term. This question of the term of an incumbent appointee in his holding of office may be covered in section 3 of article XIII of the New York State Constitution which provides that "No person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy.” Section 4 of the same article indicates that the political year "shall begin on the first day of January”. The Court of Appeals in the Matter of Roher v Dinkins (32 NY2d 180) determined that school board members were elective officers and therefore school board members were not excluded from the application of sections 3 and 4 of article XIII of the Constitution of the State of New York. It follows that the term of appointment for both positions to the Buffalo School Board would have ended on December 31, 1976.
Since it is now clear that the term of office would end on December 31, 1976, the question to be resolved is, when was the election to be properly held in order to legally elect an at-large and a district representative to the Buffalo Board of Education?
Section 2553 (subd 10, par p) of the Education Law which was amended in 1974 provides that "the election of members of the board of education of the school district of the city of Buffalo shall take place * * * on the first Tuesday in May * * * in each year in which an incumbent’s term expires.” It would seem that there has been a deliberate attempt by the Legislature to separate board of education elections from other elections. This would seem to arise from the opinion of the Court of Appeals in Matter of Divisich v Marshall (281 NY 170, 173) when the court said "If there be one public policy well-established in this State it is that public education shall be beyond control by municipalities and politics.” It would seem that the Court of Appeals was well aware of this *1029 rationale when they decided the case of Matter of Roher v Dinkins (32 NY2d 180, supra). In that case very similar questions arose concerning the election of community boards of education pursuant to section 2590-c of the Education Law with respect to the New York City Community School District System.
One of the questions that had to be resolved was, when should Special Term have directed that an election be held in order to replace appointed school board members with elected school board members? The Court of Appeals declared that under the State Constitution, when a vacancy to an elective office occurs, the vacancy should be filled by an election in the shortest reasonable time possible.
Section 2553 (subd 10, par p) of the Education Law provides that "The election of members of the board of education of the school district of the city of Buffalo shall take place * * * on the first Tuesday in May * * * in each year in which an incumbent’s term expires.” This section is referable to the general election of members of the board of education and there remains a serious question if it refers to a situation when a special election is to be held involving appointed school board members who are to be replaced by elected school board members. It is also to be noted that such a special election if so directed would have cost the City of Buffalo an additional $150,000, an expense which the City of Buffalo can ill afford at this very time when its financial foundation is in dire jeopardy.
Furthermore, if section 2553 (subd 10, par p) of the Education Law were to be strictly construed, then the election should have been held the first Tuesday of May, or May 4, 1976. This court takes judicial notice of the fact that Tuesday, May 4, 1976 was the first Tuesday in May. It is also clear that primary day was held on April 6, 1976 and furthermore section 263 of the Election Law actually requires that voting machines remain impounded for a 30-day period. Section 2553-1 of the Education Law requires that voting for the election of members of said board of education- shall be by voting machine. It is clear that it would have been physically impossible to conduct a special election if we were to adhere strictly to section 2553 (subd 10, par p) of the Education Law. Considering all the factors it is clear that the special election was conducted in the shortest reasonable time possible.
Last but not least, the question of loches and estoppel *1030 remains. Plaintiffs filed their petitions as candidates in the election complained of, plaintiffs willingly participated as candidates in the election complained of, plaintiffs never objected at any time or in any way before the election complained of. It was only after they were unsuccessful in the election that they complained of, that then they came before the bar to seek the relief requested.
The leading New York case on this question of finality of the election process seems to be Bramley v Miller (270 NY 307) where, among other things, a declaratory judgment was requested annulling the proceedings of the commissioner and the board of education. The Court of Appeals in that case noted that "Where available objections are not pressed, even in the absence of statutory requirements for timely objection, and it appears that the parties are prepared to abide by the results, subsequent resorts to such objections by the defeated factions are not looked upon with favor.”
In Matter of Lichtman v Board of Elections of Nassau County (27 NY2d 62, 66) the rationale of the Bramley case was reiterated stressing the public policy of finality in elections when Judge Jasen quoted from that case as follows: "Whatever objection there may be to the questions to be submitted or to the nominations as made must be raised and disposed of before election day. The result of the election is final and wipes out all these prior irregularities if there be any.”
Voters have the right to feel that their vote will not be wasted by a later disqualification of the candidate or the election in which they participated especially when such an objection is made after the people have spoken in the ballot box.
This court declares that the election of the defendants David Kelly and Dennis Bulera is lawful and pursuant to the provisions of subdivision 10 of section 2553 of the Education Law, that the temporary injunction enjoining the defendant board of elections from certifying said results be annulled and the defendant board of elections be empowered to certify the election of the defendants David Kelly and Dennis Bulera pursuant to law.