229 So.2d 284 (1969)
Shelton B. BARBER, Appellant,
v.
George M. MOODY, Mary E. Smith, T.K. McKnight, George Wickline and C.H. Cowart, Appellees.
No. L-234.
District Court of Appeal of Florida. First District.
December 11, 1969.
Rehearing Denied January 14, 1970.
*285 Duffett, Barry & Seps, Ormond Beach, for appellant.
Ossinsky & Krol, Daytona Beach, and Leland B. Shaw, Bunnell, for appellees.
RAWLS, Judge.
Plaintiff, Shelton B. Barber, appeals from an order dismissing with prejudice his complaint in an election contest action. The two questions posed on this appeal are:
1. Whether the complaint was "sworn" as required by Section 102.161, Florida Statutes, F.S.A.
2. Is the question now moot since the general election has already been held and Moody has been commissioned?
Barber filed his complaint against George M. Moody and the members of the Flagler County Canvassing Board to contest the nomination of Moody for Clerk of the Circuit Court in the May 7, 1968, Primary Election. Barber and Moody were the only candidates running on the Democratic ticket. There were no Republican candidates.
The complaint alleged that Barber polled a majority of the votes cast at the precincts, but lost by two votes when the absentee ballots were counted. The complaint further alleged thirteen reasons why certain counted absentee ballots were void and gave the exact number of ballots subject to each defect. It also alleged that *286 six electors who had cast absentee ballots were permitted to vote at the precinct polls. The complaint was signed by plaintiff's attorney and contained the following oath:
 "STATE OF FLORIDA
 COUNTY OF VOLUSIA
"Before me, the undersigned authority, this day appeared SHELTON B. BARBER, who being by me first duly sworn, did depose and say: that he is the Plaintiff in the above and foregoing Complaint, that he has read the same and that the matters and things therein alleged are true.
 "/s/ Shelton B. Barber
 SHELTON B. BARBER
"Sworn to and subscribed before
me this 17th day of May, 1968,
/s/ Faith Futtrup 
Notary Public, State of Florida at Large
My commission expires: 5/31/71
 (SEAL)"
Defendants moved to dismiss on the grounds that the complaint did not comply with Chapters 101 and 102, Florida Statutes, F.S.A. The motion was denied. After lengthy discovery procedures, interrogatories, depositions, etc., and many dilatory acts, including a quashed interlocutory appeal by defendants, the trial was held on October 31, 1968. On that date the defendants moved to dismiss on the "newly discovered grounds" that plaintiff's oath was untrue and therefore was not a sworn complaint as required by Section 102.161, Florida Statutes, F.S.A. The General Election was held and thereafter on November 19, 1968, the trial judge entered his order of dismissal on the stated grounds that the complaint "was not sworn to as required by Florida Statute 102.161, F.S.A. and that the purported affidavit attached thereto is a nullity."
Plaintiff's deposition which was relied upon for dismissal is to the effect that on the night of the election Judge McKnight, Chairman of the Canvassing Board, informed him about 8:30 P.M. that he had won the election, but the tallying continued and about 11:30 he was informed he had lost by two votes. When the Canvassing Board met at 9:00 A.M. the next morning, plaintiff asked permission of the Board to see the absentee ballots and was informed that if he wanted to see them he would have to bring legal action. He filed a protest with Judge McKnight, but was never permitted to see the absentee ballots. His attorney and investigator did see the ballots, and the information contained in the complaint was obtained in that manner.
Section 102.161, Florida Statutes, F.S.A. provides:
"Such contestant shall file a sworn bill of complaint within ten (10) days after midnight of the completion of the canvass * * *."
As to the issue of the sufficiency of the oath, the appellees (one of whom is the Supervisor of Elections) had denied appellant's request to see the absentee ballots, but now argue that the complaint is a sworn complaint only if the same is made on the personal knowledge of the affiant. Not only did the Canvassing Board employ dilatory tactics, all the time knowing that the plaintiff had not seen the ballots, but they also waited until the day of trial, a few days prior to the General Election, to assert that the oath was false and therefore a nullity. Appellant, on the other hand, concedes that the standard form of information and belief verbiage should have been used in the oath, but he argues that this is curable by amendment, that the statute does not require the complaint to be on the personal knowledge of the contestant, and that the election laws are such that only one trained in the law would recognize most of the defects. We agree with appellant.
There can be no doubt that the purpose of the statutes permitting election contests is to prevent the thwarting of the will of the electors either by fraud or by common mistakes honestly made. If both *287 the rights of the electors and the candidates are to be protected, a reasonable interpretation must be given to the statutes where same is necessary to accomplish the purposes for which it was enacted. Our statute does not specifically require that the complaint state only those facts which are within the personal knowledge of the contestant. The election laws make it impossible for a contestant to know of his own personal knowledge any or all irregularities that took place in an election and how they occurred. Under statutes such as ours it is generally held that if upon investigation a contestant learns of mistakes, errors, or frauds effectuating a declaration of an improper result of an election, and if he believes such information, he may proceed by making allegations upon information and belief that such statements are true.[1]
As to the issue of the falseness of the affidavit appellant relies upon Surowitz v. Hilton Hotels Corporation,[2] a shareholder's derivative action, wherein the complaint was required by the Federal Rules to be verified by oath. The Court of Appeals affirmed the District Court's dismissal on the grounds that Mrs. Surowitz' verification of the complaint was false because she swore to the verity of the alleged facts of which she was wholly ignorant. In that case Mrs. Surowitz, a Polish immigrant with a limited education, relied upon facts obtained from an investigation made by her attorney and son-in-law, who had a master's degree in Economics and was a professional investment advisor. The Supreme Court of the United States, after noting that the complaint appeared to have merit, held that the purpose of the Rules is to administer justice through fair trials and not through summary dismissals; if they work as they should, they will permit, and as nearly as possible guarantee, that bona fide complaints be carried to an adjudication on the merits.
If such reasoning applies to a shareholder's action, it should be applicable to an election contest involving the rights of the electors. In addition, in the instant case there are peculiar facts raising the issue of estoppel. Here, the appellees had possession of the absentee ballots and documents alleged to be illegal, had denied appellant the opportunity to see same before the complaint was filed, knew appellant had not seen same, but some five months later filed a motion to dismiss on the "newly discovered grounds" that the oath was untrue because it was not made on the personal knowledge of the defendant.
The purpose of allowing election contests is to allow prompt and expeditious determination of the effect of any irregularities. The Supreme Court has noted that there should be "ample time left between * * * [the primaries] and the date of the regular election for any candidate dissatisfied with the final rulings against him to promptly contest with his successful opponent by quo warranto or other proper proceeding, if there be any, the legal right to the nomination."[3] This record discloses that these defendants utilized every dilatory tactic available to them under the Rules of Civil Procedure, including the taking of an interlocutory appeal from the first order entered by the Circuit Judge. The Rules of Civil Procedure have been modernized during the last three decades in an effort to expedite the administration of justice. The proceedings in this election contest reflect that man is still unsuccessful in compiling a simple set of rules by which a cause may be tried expeditiously since one recalcitrant party may successfully delay until a critical date upon which he can cry, "Mootness." We will not permit nor condone such tactics. State *288 ex rel. Peacock v. Latham[4] reiterated the public policy of this State:
"`[U]nder the Primary Election Law of this state the vote actually cast determines the right of the candidates. If the vote actually cast is through error or fraud, by accident or design, incorrectly returned so that a candidate may be deprived of his rights, it is difficult to understand how it can reasonably be urged that no power exists to correct the error.'"
The statutes allowing the contest of any election or nomination contemplate the precise situation as exists here. Section 102.163, Florida Statutes, F.S.A., provides:
"If the contestant is found to be entitled to the office and if on the findings a decree to that effect shall be entered, and if the adverse party has been commissioned or has entered upon the duties thereof or is holding the office then a judgment decree of ouster is entered against such party. Upon presentation of a certified copy of the judgment decree of ouster to the governor he shall revoke such commission and commission the person found in the decree entitled to the office."
Here there were only two Democratic candidates, no Republican opposition; the term of office has not expired. There is no reason for applying the mootness rule. Public policy demands that the judiciary accept its duty to determine the issues on the merits to maintain the purity of elections, the sanctity of the ballot and the will of the electors.
The cause is reversed and remanded for further proceedings.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.
NOTES
[1] 29 C.J.S. Elections, § 268(5).
[2] Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966).
[3] D'Alemberte v. State ex rel. Mays, 56 Fla. 162, 47 So. 489, 499 (Fla. 1908).
[4] State ex rel. Peacock v. Latham, 125 Fla. 793, 170 So. 475, 479 (Fla. 1936).