W. H. WINCHESTER, Jr., Contestant-Appellant,

v.

Ralph ADKISSON, Contestee-Respondent.

No. 9857.

Missouri Court of Appeals, Springfield District.

April 28, 1975.

**826**

David E. Blanton, W. H. Winchester III, Blanton, Blanton, Rice & Sickal, Sikeston, for contestant-appellant.

Marvin S. Wood, Wayne L. Millsap, Clayton, for contestee-respondent.

Before BILLINGS, C. J., HOGAN and FLANIGAN, JJ., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment dismissing petition in primary election contest.

The official returns for the Mississippi County primary election on August 6, 1974 showed that Ralph Adkisson received 2,036 votes and W. H. Winchester, Jr., 2,032 votes for the Democratic nomination for Presiding Judge of the County Court.

On August 13, Winchester filed his verified petition in the Circuit Court of Mississippi County, contesting the election. Pursuant to § 124.020, RSMo 1973 Supp., the court set a preliminary hearing on the petition for August 16. The contestee filed a motion to dismiss the petition for failure to state a claim upon which relief might be granted. The motion was taken up on August 16 and contestee given leave to file a brief by September 1. The matter was set for hearing September 28.

On September 10, the court sustained the contestee's motion to dismiss, but granted contestant leave to file an amended petition. The amended petition was filed, contestee filed a motion to dismiss, and the motion was sustained, all on September 10. On October 10, the contestant filed notice of appeal to this court.

On October 21, contestant-appellant filed a motion to waive procedural requirements and to set the appeal for immediate hearing. The motion was overruled October 24. The transcript on appeal was filed October 25.

On November 29, 1974, contestee-respondent filed his motion to dismiss the appeal as moot because the general election had been held November 5, 1974, and the Mississippi County Clerk had certified that contestee was elected to the office of Presiding Judge of the County Court in such election. The motion was ordered taken with the case. The parties thereafter filed their briefs and the matter has been orally argued and submitted.

Prior to 1972, no appeal lay from the judgment of the circuit court in a primary election contest. § 124.050, RSMo 1969, V.A.M.S. See State ex rel. Bess v. Schult, 143 S.W.2d 486, 492–494[13]–[17] (Mo.

App.1940). Section 124.050, RSMo 1969, V.A.M.S., was repealed by Senate Bill 628 of the 76th General Assembly, 2d Regular Session. Laws of Mo., 1971–1972, p. 658. A new Section 124.050 was enacted, as follows:

"Either party may appeal the judgment of the court to the court of appeals of appropriate jurisdiction who shall give preference in the order of hearing to all other cases in order to conclude the appeal prior to the date of the general election and shall hear the case in the same manner as appeals of cases in equity. The practice and procedure prescribed in civil actions shall be followed in all respects not inconsistent with sections 124.010 to 124.050; provided, that if the contestee shall fail to appear and participate in the proceeding, the costs shall be taxed against the contestor."

Contestee-respondent argues, in support of his motion to dismiss this appeal, that the 1972 enactment by the General Assembly recognized and gave effect to the law theretofore established that a primary election contest becomes moot after the general election has been held for the office in which the primary contest has been attempted. Respondent's principal reliance is on the decision of the Supreme Court en banc in State ex rel. and to Use of Conran v. Duncan, 333 Mo. 673, 63 S.W.2d 135 (banc 1933). In that case a primary election contest was filed in a race for nomination in the 1932 primary election. The contestee sought a writ of prohibition from the Supreme Court. The preliminary writ issued and the cause was argued to the court on October 28, 1932. The contestant did not appear for oral argument and did not ask for prompt disposition of the case.

In its decision, handed down August 23, 1933, the court held that the rights of the contestant were foreclosed in view of the fact that the general election had been held on November 8 and the contestee certified as elected. The court stated (63 S.W.2d 137–138):

"A candidate for nomination to public office has no inherent right to contest his opponent's nomination at a primary election. Where the statutes afford such right they are controlling and exclusive. 20 C.J. § 122, p. 119. The act of 1931, Laws Mo. 1931, p. 205, distinctly evidences an intent that contest proceedings shall move along with expedition and be concluded in time to permit the name of the successful candidate to be placed on the election ballot. And it has heretofore been judicially conceded in this state that legal proceedings to determine whether the name of a candidate should be printed on an election ballot must be finally adjudicated in time to allow for the placing of the name on the ballot. State ex rel. Neu v. Waechter (Mo. Sup. banc) [332 Mo. 574] 58 S.W.2d 971. With special reference to primary election contests, it was said in State ex rel. Dorsey v. Sprague, 326 Mo. 654, 660, 33 S.W. 2d 102, 104, 'a primary contest, in order to be effective, must be summary and speedy.' Speaking of Laws Mo.1929, p. 194 (Mo.St. Ann. §§ 10293 note to 10297 note), the immediate predecessor of the act of 1931 here involved, this court declared in State ex rel. McDonald v. Lollis, 326 Mo. 644, 652, 33 S.W.2d 98, 101, 'these provisions indicate a clear intent on the part of the Legislature to provide for a speedy contest in order that the successful party's name might appear on the ballot as a candidate at the November election.' All this implies that, if the contest is not concluded in time to permit of the placing of the name on the ballot, the contest proceeding must yield to the election, rather than the election to the contest proceeding—in other words, the fact that some contest proceeding is pending and undetermined will not invalidate the election. And so it has been held in other jurisdictions. The doctrine as stated in 20 C.J. § 132, p. 123, is as follows: 'Where no questions of general public importance are involved, the court cannot hear or determine a contest after the general election has been held, unless there is some statutory reason therefor.'

"This text is supported by the following decisions: Johnson v. Dosland, 103 Minn. 147, 114 N.W. 465, 466; Johnson v. Bauchle, 149 Minn. 144, 146, 182 N.W. 987; Townsend v. Crow, 117 Md. 1, 82 A. 657, 661. In the Dosland Case, first cited, the contest proceedings in the district court were protracted until after the general election and finally resulted in a judgment for the contestee, from which the contestant appealed. The Supreme Court of Minnesota said: 'The contestee's name went upon the official ballot under order of the court and the sanction of the law, and the authorities do not support the suggestion that the election may be overturned and electors disfranchised, long after the election is past and the result thereof acted upon by those interested, for irregularities, or even fraud, in nominating conventions or primary nominating elections. Contests for nomination as party candidates for public office must be settled before the general election, and, when not, those whose names go upon the official ballots as the regular nominees are entitled to all benefits therefrom, whether they, perchance, could have been in contest proceedings ousted of the right or not.'

"Since the election laws of this state do not make the pendency of an undetermined primary election contest case fatal to the holding of an election to fill the office involved, and since the act of 1931 so plainly discloses a legislative intention that such contest proceedings shall be prosecuted to a conclusion before the election, we must hold in this case that questions as to the rights of the contestant, Cook, have become moot. To all intents and purposes and by analogy the contest action is abated so far as he is concerned. Gantt v. Brown, 244 Mo. 271, 301, 149 S.W. 644, 646, Ann.Cas.1913D, 1283."

■ The 1972 enactment is much clearer than the 1931 enactment, involved in Conran, insofar as it expresses an intention that the contest of the primary must be concluded before the general election. Thus paragraph 4 of § 124.020, dealing with the proceedings in the circuit court, provides (emphasis supplied):

"The cause shall have preference in the order of hearing to all other cases and shall be commenced at the date set and heard day to day until determined, including evenings and weekends, if necessary, *to conclude the case in advance of the general election.*"

Likewise, in § 124.050, dealing with appeals, the court of appeals is required to give precedence to the appeal "in order to conclude the appeal prior to the date of the general election * * *."

If such language is to receive any meaning, it must be as express recognition by the General Assembly of the necessity of concluding the primary contest before the general election.

■ The contestant-appellant offers various objections to such construction. In the first place, he contends that the primary election of the Democratic Party in Mississippi County is the equivalent of a general election because there was no Republican primary contest for the office and no Republican candidate on the general election ballot. This court is not empowered to exercise the legislative prerogative of creating an exception for such situation. Insofar as the law is concerned, a primary election determines only who the party's nominee for office shall be. The winner is entitled only to have his name appear as the candidate of his party for the office on the general election ballot. § 120.540, RSMo 1969, V.A.M.S. Section 124.050 applies to appeals in primary election contests, without regard for whether or not the winner of the primary is opposed in the general election.

■ Appellant asserts that this appeal is not moot because the term of office involved in the election contest has not expired. Appellant cites Adams v. Hamilton, 442 S.W.2d 138 (Mo.App.1969), in which an appeal was dismissed as moot in an election contest involving elections to city offices. The appeal was held moot be-

cause the term of offices involved had expired. That case is no authority for the proposition that a primary contest is not moot so long as the term of the office involved has not expired. The statute pertaining to the contest of primary elections is the controlling factor on the issue of mootness, not the term of the office involved.

Appellant argues that the time required for perfecting and presenting an appeal is such that if Section 124.050 is to be construed to require appellate determination of the case before the general election, the intention of the General Assembly to provide a right of appeal will be nullified.

■ The fact that the legislature in enacting Section 124.050 called for expeditious handling of the appeal so that it might be disposed of prior to the general election demonstrates that the assembly was aware of the time problem which an appeal would encounter. An argument based upon the length of time which might be consumed if certain procedures were followed in the trial court is not convincing as showing an impossibility of accomplishing the appellate review within the limited time available. The courts are aware of the problem presented and have traditionally been cooperative in such cases. See Mansur v. Morris, 355 Mo. 424, 196 S.W.2d 287 (banc 1946); State ex rel. Camillo v. Hess, 458 S.W.2d 721 (Mo. App.1970); State ex rel. Bonzon v. Weinstein, 514 S.W.2d 357 (Mo.App.1974). Ingenuity and timely initiative on the part of the contestant and his counsel are also required, but the problem is by no means insurmountable. There has been no such demonstration of impossibility of obtaining appellate review within the time limited as would call for a construction of Section 124.050 which ignores the time limitation found there.

Appellant also contends that the cause should not be dismissed as moot because the public interest is involved. State ex rel. and to Use of Conran v. Duncan, supra, demonstrates the type of question of public interest which may be determined even if a case is moot. In that case, the court considered and determined questions raised by the relator regarding the constitutionality of the primary election contest statutes. However, even though it decided such questions adversely to the relator-contestee, the court quite clearly directed that no further action be taken in the contest because the general election had rendered the issues it presented moot.

■ In this case, the only issue presented is the adequacy of the contestant-appellant's petition and amended petition. Public interest does not require that such issue be determined at this time by this court.

Appellant finally argues that the right of the electorate to select their officials is much greater than the need for a speedy election contest. This, it is submitted, is a policy argument properly directed to the legislature, not to the court. Statutes in some states do provide for determination of primary election contests after a general election has been held. See § 23–3–55, Miss.Code (1972); Smith v. Deere, 195 Miss. 502, 16 So.2d 33 (1943); § 102.163, West's F.S.A. (1973); Barber v. Moody, 229 So.2d 284 (Fla.App.1969). Those statutes prescribe the effect of a decision in favor of the contestant—a new election in Mississippi, installation of the successful contestant in office in Florida. Some such legislative guidance would be necessary if a contest such as that here involved is to be carried on after the general election. See State ex rel. Bonzon v. Weinstein, supra.

The authority of the judicial branch of government in election contests is limited to that conferred by statute. The statute here involved evidences a legislative intention that appeals thereunder be concluded before the general election. Therefore, respondent's motion to dismiss for mootness is sustained and the appeal ordered dismissed.

Appeal dismissed.

BILLINGS, C. J., and HOGAN and FLANIGAN, JJ., concur.