Robert J. EDWARDS, Appellant,

v.

John E. KELLEY, Robert W. Wallerstedt, Samuel Epstein, William Dancy, Constituting the Board of Election Commissioners of Kansas City, Missouri, Charles L. Stitt (Contestee), William Hayden (Contestee) and Carol A. Coe (Contestee), Respondents.

No. KCD 30497.

Missouri Court of Appeals, Western District.

Feb. 26, 1979.

Robert L. Shirkey, Kansas City, for appellant.

Willard B. Bunch, Gladstone, David B. Dysart, Kansas City, Duncan, Russell & Bunch, Gladstone, for respondent Charles L. Stitt.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Robert J. Edwards filed an election contest following the primary election held on August 8, 1978. He was an unsuccessful candidate for the Democratic nomination for Magistrate Judge for the Fifth District of Jackson County, Missouri. The court found there was no basis on which to either order a recount or invalidate the election. On this appeal Edwards contends that he showed violations of the election code sufficient to cast doubt upon the validity of the election and, therefore, the court erred in refusing to order a new election. Appeal dismissed.

Edwards filed a notice of appeal to the Supreme Court which was later transferred to this court. All briefs were not filed until December 29, 1978, and this case was submitted on January 23, 1979.

The parties agree the general election was held in November, 1978, and this appeal was obviously not decided prior to that time. In *Winchester v. Adkisson*, 522 S.W.2d 825 (Mo.App.1975) it was held that a primary election contest which was not decided on appeal prior to the general election for which the primary was held made the appeal moot. The court reviewed a number of Missouri decisions and other authorities in its opinion and gave a full discussion of the reasons the holding of the general election renders a primary election contest moot.

■ The Legislature has since repealed the sections referred to in *Winchester* and passed The Comprehensive Election Act of 1977, comprising §§ 115.001 to 115.641 and §§ 51.450 and 51.460, RSMo 1977 Supp. effective January 1, 1978. The legislative intent as discussed in *Winchester* has been carried into the new Act. Section 115.551, providing that an appeal may be taken from the judgment of the circuit court in primary election contests, specifies that the appellate court shall "modify its rules to the extent necessary in order to conclude the appeal as many days prior to the general election as possible . . . ." Furthermore, § 115.549 requires a court which orders a new primary election to set a date for the election "which shall not be less than fourteen or more than thirty days after the order is issued . . . ." There is no doubt the Legislature in The Comprehensive Election Act intended primary election contests to be fully decided prior to the general election as further demonstrated by the failure to provide any mechanism for the holding of a new general election if a primary election contest is decided after the general election.

■ The only exception mentioned in *Winchester* for deciding a primary election contest after the general election has occurred is to resolve questions of public interest. The irregularities relied upon in this case do not involve questions of public interest which require resolution even though the case is otherwise moot.

The appeal is dismissed.

All concur.