**Farrell D. HOCKEMEIER, Appellant,**

v.

**Kenneth J. BERRA, Respondent.**

**No. 64458.**

Supreme Court of Missouri, En Banc.

Oct. 29, 1982.

Michael J. Gallagher, Thomas J. Jones, Kansas City, for appellant.

Victor H. Howard, Liberty, for respondent.

GUNN, Judge.

Appellant appeals from his August 3, 1982 defeat in the Democratic primary election for the office of prosecuting attorney for Ray County. His margin of loss was barely over one per cent of the total votes counted.[1]

Within the five day limitational period after the official announcement of the results prescribed by § 115.531, RSMo 1978, appellant filed his petition for recount and new election in circuit court. His petition alleged irregularities in the election and sought relief through a new election. Respondent, who was the victor in the election fray, answered with allegations of procedural deficiencies in appellant's efforts to force a new election. The procedural skirmishing resulted in the trial court's dismissal of appellant's petition for failure to state a cause of action.

Expeditious treatment of the appeal from the trial court's judgment to the Western District of the Court of Appeals resulted in the sustaining of the circuit court's judgment. The cause was thereupon transferred by the Court of Appeals to this Court, and due to the exigent circumstances of a forthcoming general election, it was given extended expedited treatment. The case was specially set for argument on October 22, 1982 and briefing schedules established.

A number of issues of law were considered by the trial court and Western District, particularly as to the timeliness of the filing of appellant's petition for relief, whether the petition stated a claim for relief and whether the trial court possessed jurisdiction to grant appellant leave to amend his petition under the circumstances. We need not, however, rule on these issues; for, lamentably for appellant and through no fault of his, we must consider this matter moot by reason of statutory lacuna.

The foundation for the determination of this case is the two-fold basic precept that the right to contest an election is granted by statute, *State ex rel. Conaway v. Consolidated School Dist. No. 4 of Iron County,* 417 S.W.2d 657, 659 (Mo. banc 1967); *Whitner v. Turnbeau,* 602 S.W.2d 890, 894 (Mo.App.1980), and the courts are without jurisdiction to entertain a petition for relief where none is specifically granted by statute. *Wann v. Reorganized School District No. 6,* 293 S.W.2d 408, 412 (Mo. 1956).

The intent of the Comprehensive Election Act of 1977, Chapter 115, RSMo 1978, is that a primary election contest case is to be concluded prior to the general election:

> 111.535. Election contest to have preference in order of hearing

---

1. Appellant's loss was by 46 votes of a total 4574 counted.

The contested election shall have preference in the order of hearing to all other cases and shall be commenced at the date set and heard day to day, including evenings and weekends if necessary, until determined. There shall be no continuances except by consent, *so that the case may be concluded prior to the general election.* (Emphasis added.)

*Black v. Bockenkamp,* 607 S.W.2d 176, 177–78 (Mo.App.1980).

Section 115.549, RSMo 1978, provides that if a trial court orders a new primary election for a contested office, it "... shall set the date of the election, which shall not be less than fourteen ... days after the order is issued ...." In this case the trial court did not order a new primary election, and appellant appealed the denial. Section 115.-549 has been construed, and properly so, to render as moot a primary election which cannot be concluded until after a general election. The basis for such holding is the legislature's intent that such contests be resolved before the general election occurs. *Edwards v. Kelly,* 578 S.W.2d 357, 358 (Mo. App.1979).

 Election contest review procedures are exclusive and must be strictly followed as substantive law. Section 115.549, RSMo 1978, requires an order for a new primary election to be issued at least 14 days before that election; and § 115.535, RSMo 1978, requires that the entire process be completed before the general election. Were the appeal completed on the day this case was heard by this Court, a primary election could not be held until one day after the general election. Thus, the contest could not be fully decided before the general election. Therefore, because review procedures cannot possibly be complied with, and there are no others, the courts have lost jurisdiction and appellant's cause must be dismissed with prejudice. So, despite the accelerated treatment given to this case by all involved, appellant is precluded by a hiatus in the law from challenge to the primary election. The means for closing that gap is by legislative process, not judicial fiat.

Appeal dismissed.

DONNELLY, C.J., SEILER, WELLIVER and HIGGINS, JJ., and FINCH, Senior Judge, concur.

RENDLEN, J., dissents.

BILLINGS, J., not sitting.