Charles A. **HARTER**, Appellant,

v.

Dennis J. **KEHM**, Respondent.

No. 52126.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 23, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Jack C. Stewart, Hillsboro, for appellant.

Robert B. Ramsey, Clayton, for respondent.

SIMON, Judge.

Charles A. Harter appeals the dismissal of his petition contesting the primary election for prosecuting attorney of Jefferson County, Missouri, held on August 5, 1986. Harter was one of two formally declared candidates for the Democratic Party nomination. He was unsuccessful in his bid. The successful candidate was Dennis J. Kehm. However, on August 19, 1986, Kehm withdrew as the Democratic Party candidate for prosecuting attorney. Thus, by statute, § 115.363.2, RSMo (1978), the Democratic Party nominating committee (the Democratic Central Committee of Jefferson County) was entitled to nominate the party candidate. Harter was not selected by the committee.

In his petition, Harter alleged that Kehm had violated § 115.351, RSMo (1978) (all further references shall be to RSMo (1978) unless otherwise noted), in that Kehm had filed for two offices to be filled in the same election; that of prosecuting attorney and that of circuit judge. Harter prayed that a preliminary hearing be held on the matter and that summons be issued upon Kehm. He prayed further that he be declared the Democratic Party nominee for the office of prosecuting attorney or alternatively that a special election be held prior to the general election in November, 1986, and that Kehm be disqualified from election to any office in the general election. The trial court, without opinion, sustained Kehm's motion to dismiss the petition.

On appeal, Harter maintains that the trial court erred in dismissing his petition because: (1) due process and Chapter 115 of the Revised Missouri Statutes require an evidentiary hearing on the allegations contained in his petition; and (2) as a matter of law, Kehm violated § 115.351 and should have been disqualified from running for any office. He also claims that the trial court erred in denying his motion to disqualify Kehm's attorney because said attorney had previously represented the election authority of Jefferson County, County Clerk Eleanor K. Rehm, in a related matter.

The related matter involved a petition for writ of mandamus filed by Harter against Ms. Rehm, in Jefferson County Circuit Court on June 27, 1986. He sought to compel Ms. Rehm to remove Kehm's name from the primary ballot and to disqualify him as a candidate for the office of prosecuting attorney. Harter alleged the same claim in his petition for writ of mandamus, filed before the primary, that he later alleged in the instant action, filed after the primary, i.e., that Kehm had violated the election code by filing for two offices to be filled in the same election. On July 11, 1986, the circuit court denied mandamus, which was also denied by this court on July 24, 1986, and by our Supreme Court on July 29, 1986.

It is undisputed that Kehm filed a formal "declaration of candidacy" for prosecuting attorney in the primary election pursuant to § 115.349. However, he filed no such formal declaration to run in the primary election for circuit judge. The incumbent circuit judge did not announce his retirement until after the filing deadline for the primary election had elapsed. Therefore, pursuant to § 115.363 the Democratic Party nominating committee was to select the party's candidate for the November general election. Harter maintains that Kehm's actions in seeking the Democratic nominating committee's vote to run as the party's

candidate in the general election for circuit judge, were tantamount to a formal filing of a declaration of candidacy. On August 19, 1986, Kehm withdrew as the Democratic candidate for prosecuting attorney and on August 20, 1986, the Democratic Party nominating committee filed its nomination of Kehm as Democratic candidate for circuit judge with the Secretary of State. Also at this time, Kehm filed his formal "declaration of candidacy" for office of circuit judge.

Before we pass on the merit of Harter's points, we address Kehm's motion to dismiss the instant appeal. Kehm argues that the appeal is moot and that we lack jurisdiction because a new primary election was not ordered or concluded before the general election. We agree.

■ A candidate for nomination to public office has no inherent right to contest his opponent's nomination at a primary election. Where the statutes afford such right, they are controlling and exclusive. *State ex rel. and to Use of Conran v. Duncan,* 333 Mo. 673, 63 S.W.2d 135, 137–38 (Mo. banc 1933). Thus, we are without jurisdiction to entertain a petition for relief in an election contest where none is specifically granted by statute. *Wann v. Reorganized School District No. 6,* 293 S.W.2d 408, 412 (Mo.1956). Specifically, " '[w]here no questions of general public importance are involved, the court cannot hear or determine a contest after the general election has been held, unless there is some statutory reason therefor.' " *Use of Conran,* 63 S.W.2d at 138 (quoting 20 C.J. § 132, p. 123).

The controlling statutes herein are embodied in the Comprehensive Election Act of 1977, RSMo (1978). In *Edwards v. Kelley,* 578 S.W.2d 357 (Mo.App.1979), it was held that under the Comprehensive Election Act of 1977, comprising §§ 115.001 to 115.641 and §§ 51.450 and 51.460, RSMo (1978) the Legislature intended primary election contests to be fully decided prior to the general election. *Id.* at 358. Citing *Winchester v. Adkisson,* 522 S.W.2d 825 (Mo.App.1975), the *Edwards* court noted it had been held therein, under the Compre-

hensive Act's predecessor, "that a primary election contest which was not decided on appeal prior to the general election for which the primary was held made the appeal moot." *Edwards,* 578 S.W.2d at 358. The court then addressed the 1977 Comprehensive Act as follows:

> The legislative intent as discussed in *Winchester* has been carried into the new Act. Section 115.551, providing that an appeal may be taken from the judgment of the circuit court in primary election contests, specifies that the appellate court shall "modify its rules to the extent necessary in order to conclude the appeal as many days prior to the general election as possible...." Furthermore, § 115.549 requires a court which orders a new primary election to set a date for the election "which shall not be less than fourteen or more than thirty days after the order is issued...." There is no doubt the Legislature in The Comprehensive Election Act intended primary election contests to be fully decided prior to the general election as further demonstrated by the failure to provide any mechanism for the holding of a new general election if a primary election contest is decided after the general election.

Our Supreme Court, in *Hockemeier v. Berra,* 641 S.W.2d 67 (Mo. banc 1982), following *Edwards,* ruled that the intent of the Comprehensive Election Act of 1977, requires that a primary election contest case be concluded prior to the general election. *Id.* at 68. In *Hockemeier,* the contestant was defeated in the primary race for prosecuting attorney for Ray County by a margin of 46 votes of a total of 4574 counted. Within five days of the announcement of the results, contestant filed a petition for recount and new election in circuit court. His petition alleged irregularities in the primary election and sought relief through a new election. Ultimately, the circuit court dismissed the contestant's petition for failure to state a claim upon which relief could be granted. Our brethren of the Western District affirmed the judgment of the circuit court and thereupon transferred the case to the Supreme

Court. Due to the exigent circumstances of an impending general election the matter was given extended expedited treatment. Unfortunately, through no fault of the contestant, the earliest date that a new primary could be held, had the contestant prevailed on the merits, was one day after the general election. Thus, the contest could not be fully decided before the general election. Our Supreme Court concluding that, because the review process could not possibly be completed before the general election, it lost jurisdiction and the cause had to be dismissed with prejudice, stated:

> Election contest review procedures are exclusive and must be strictly followed as substantive law. Section 115.549, RSMo 1978, requires an order for a new primary election to be issued at least 14 days before that election; and § 115.535, RSMo 1978, requires that the entire process be completed before the general election. Were the appeal completed on the day this case was heard by this Court, a primary election could not be held until one day after the general election. Thus, the contest could not be fully decided before the general election. Therefore, because review procedures cannot possibly be complied with, and there are no others, the courts have lost jurisdiction and appellant's cause must be dismissed with prejudice.

*Id.* at 69.

■ Here, it is undisputed that the general election for the office of prosecuting attorney was held in November, 1986, and this appeal was obviously not decided prior to that time. Indeed, Harter did not file the record on appeal until December 5, 1986 and this was done out of time on Harter's own motion. Furthermore, his brief was not filed with this court until December 5, 1986. Thus, it appears that the appeal is moot and we are without jurisdiction. However, as noted, an exception does exist for deciding a primary election contest after the general election has occurred to resolve questions of public interest. *See Winchester,* 522 S.W.2d at 829.

We recognize that, in general, a contested election case is a proceeding in which the public will always have some interest, since elections afford a free and fair expression of the popular will and a contest to check such expression is for the public welfare. *See* 29 C.J.S., *Elections* § 249 at 688 (1965). But, as a matter of public policy elections are not to be lightly set aside. *See Armantrout v. Bohon,* 162 S.W.2d 867, 871 (Mo.1942). As *Winchester v. Adkisson, supra,* makes clear, the type of question of public interest which may be determined even if a case is otherwise moot, ordinarily will involve the constitutionality of the primary election contest statutes. 522 S.W.2d at 829. *See Use of Conran, supra.* Here, Harter does not constitutionally challenge the primary election contest statutes. He does challenge the dismissal of his petition without evidentiary hearing on due process grounds, i.e., the denial of an opportunity to be heard at a meaningful time and in a meaningful manner. However, such challenge does not relate to the constitutionality of the election contest statutes, but is merely directed to the procedural aspects of the disposition of Kehm's motion to dismiss. Hence, the issues on appeal are not directed to the constitutionality of the statutes. Public interest does not require that these issues be resolved. *Winchester,* 522 S.W.2d at 829.

For the foregoing reasons, Kehm's motion to dismiss Harter's appeal is sustained and the appeal dismissed.

Appeal dismissed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.